PER CURIAM.
Herbert Watson appeals from his conviction and sentence for attempted armed robbery. He raises three points on appeal. We find merit only in his argument that the trial court erred when it denied his motion for mistrial based on improper closing argument by the state.
During closing argument, the prosecutor made the following remarks:
This is not some homeless person who needs help, this is a bad guy who is elevating his crime. He has no respect for the rights of others. He starts off small, trespassing, loitering, prowling then he goes to ruining somebody’s live-lyhood [sic], running, just grabbing things like it belongs to him.
Now he’s elevated up to armed robbery.... Do we face reality that this gentlemen [sic] is progressively getting worse in his stealing.... All he [sic] done is steal and steal and steal. It’s just absurd to believe he would all of a sudden stop stealing and again steal which is the same thing and used a knife.... He doesn’t get any brownie points for botching it up, brownie points for deciding that he’s going to be a man and move up from trespassing to stealing to armed robbery.
[[Image here]]
What about the argument this is a way of life, and that the case has to be viewed in this light. That’s absolutely not true. Way of life, what about the American way of life. Do we allow people to loiter and steal and rob and then say, well, you got to understand this is how things are *343 done. The stereotype are [sic] perpetuated, this is the way it’s done. This man sets up a business in this area and we had a juror who said the most important thing was his family and a working person sets up [sic] has a corporation because this particular area this is a way of life. They can [sic] get away with it.
We find nothing in the record that would support the state’s response that appellant either invited this argument or that it constituted permissible rebuttal to appellant’s argument based on his homeless lifestyle. We reverse and remand this case for a new trial on the authority of Bertolotti v. State, 476 So.2d 130 (Fla.1985); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984), review denied, 462 So.2d 1108 (Fla.1985); and State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
REVERSED and REMANDED.
DELL, WALDEN and POLEN, JJ., concur.